**FILED**
JAMES J. VILT, JR. - CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CASE No: 3:22CV345 RGJ

JUL 0 1 2022

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

SALEM NAGDY                                              MOVANT

V.

JAMES BROWN Jr.
SPECIAL AGENT IN CHARGE                                  RESPONDENT

\*\*\*      \*\*\*      \*\*\*      \*\*\*

MOTION TO RELEASE RECORDS
PURSUANT TO (FOIA), 5 U.S.C.S. § 552

\*\*\*      \*\*\*      \*\*\*      \*\*\*

Comes now, Movant Salem Nagdy (hereinafter referred to as Mr. Nagdy), pro-se and respectfully requests this Honorable Court to direct the Respondent to release all records in possession of the Federal Bureau of Investigation (hereinafter referred to as the FBI) in reference to FBI# 62172 DC9(b) FOIPA request no.: 144261-000, Subject Nagdy, Salem Mohamed from Oct. 19, 2016 to Aug. 10, 2018 and (c) the FBI involvement in Mr. Nagdy's trial in Jefferson Circuit Court Case No. 16-CR-3353 from 06/18/2018 to 06/25/2018. In support of this motion, Mr. Nagdy states the following:

1.)     Mr. Salem Nagdy is a pro-se litigant; English is not his primary language. Currently Mr. Nagdy is incarcerated at the Little Sandy Correctional Complex, whose address and inmate information is listed below.

Salem Nagdy #301238
Little Sandy Correctional Complex
505 Prison Connector Road
Sandy Hook, Kentucky 41171

2.)	The D.C. Circuit Court of Appeals has held that the public had an interest in knowing whether or not the federal government was withholding information that could corroborate an inmate's claim of innocence. Roth v. United States DOJ, 642 F.3d 1161.

3.)	5 U.S.C.S. § 552 provides:

a.) Each agency shall make available to the public information as follows:

(2) d: Copies of all records regardless of form or format.

4.)	On August 06, 2019 Mr. Nagdy's FOIA request was acknowledged by the FBI headquarters for processing.

On Oct. 10, 2019 Mr. Nagdy checked the status of the request and was informed that the FBI's FOIA program has identified potential responsible information and awaits assignment to a Government Information Specialist (GIS) for further processing. However, Mr. Nagdy has never received any records.

On June 23, 2021 Mr. Nagdy sent another request to Mr. James Brown Jr. who is the Special Agent in Charge of the Louisville, Kentucky field office in reference to Det. Mays' false accusations (copy of the correspondence is attached and included in this motion). Mr. Nagdy's request has received no response or acknowledgement from Mr. Brown.

On June 10, 2022 Mr. Nagdy again checked the status of his FOIA request using the FBI's records website https://vault.fbi.gov/fdps-1/search?foipa=1442611-000&submit=submit.

Mr. Nagdy was unable to check the status of the original request which was officially acknowledged on Aug. 06, 2019.

5.) The release of the requested records would assist in providing documentary evidence of Mr. Nagdy's innocence of the false accusations of having involvement in or with terrorist activity as testified by St. Matthews' detective Mr. Jeff May during Mr.

Nagdy's jury trial in 16-CR-003355. The following is a transcript of Det. Mr. Jeff May testimony:

VR 06/21/2018 10:59:24

Def. counsel Carlos Wood:  You recall asking questions about whether or not Mr. Nagdy visited any websites relevant to terrorism?

Det. May:    I don't recall it is possible that I did, but I don't recall specifically asking that question.

Def. counsel Carlos Wood:  Do you recall asking whether or not Mr. Nagdy had a storage locker?

Det. May:    Do I recall asking MB (Mr. Nagdy's wife)?

Def. counsel Carlos Wood: Yes

Det. May: No I don't recall asking her that. It is possible that I did, but I don't specifically remember that.

Def. counsel Carlos Wood:  But it is possible that you did?

Det. May: It is possible, yes.

Def. counsel Carlos Wood:  Do you remember asking questions about whether Mr. Nagdy had a pilot's license or a flight certification?

Det. May:    One of the documents that was located in the back-pack. . .

Def. counsel Carlos Wood:   hang on.

Det. May: I am explaining the answer. . .

Def. counsel Carlos Wood:   Answer yes or no first, do you recall asking questions about whether he had a pilot's license or flight certifications?

Det. May:    Do I remember asking her? No.

Def. counsel Carlos Wood:   ok. Thank you.

Det. May: But if you are referencing it, I assume that I did. It was a recorded statement.

Def. counsel Carlos Wood:   You recorded that interview with her, right?

Det. May:    I did.

Def. counsel Carlos Wood:   I will get back to that in a minute. . .

11:06:07:

Def. counsel Carlos Wood:   Judge, can we approach?

Judge: Yes

Def. counsel Carlos Wood:    I am just about done with him. What I was thinking is since he hasn't stated definitely that he asked these questions during his investigation I want to play that short clip of the recording to refresh his recollection and ask him again in front of the jury.

11:09:58:

Judge: To the witness, defense counsel is going to play three short clips from this statement that he wants you to hear.

11:11:25:

Def. counsel Carlos Wood: Just so you know we are still on the record, you're still under oath, can you hear that?

Det. May:    Barely

11:15:57:

Def. counsel Carlos Wood:    I am going to stop it for a second. Do you recognize that recording?

Det. May:    Yes

Def. counsel Carlos Wood:    So that was a recording of you at the hospital with MB?

Det. May:    Yes

Def. counsel Carlos Wood:    Now do you recall asking questions about Mr. Nagdy's flight certifications?

Det. May:    Yes

Def. counsel Carlos Wood:    Do you recall asking her about any websites that would be a red flag in terms of terrorism?

Det. May:    Yes

11:21:45:

Judge:  Alright is that sufficient?

Def. counsel Carlos Wood:    Yes sir.

Commonwealth Attorney Foster:    Here is the thing; I think he needs to explain, I think we should talk about it now. Why was that addressed? Here is what is going to happen, this is where this is going to the fact that they asked these questions that they thought he was a terrorist and all this I a big fabrication making a big deal about of nothing because

they think he is a terrorist. This guy has his flight certification actually you explain why this, can we ask him to explain to why. . . ?

Def. counsel Carlos Wood:   I am not done with the witness yet.

Judge: Well you are for this purpose, we got to bring the jury back in. So do you have an objection?

Commonwealth Attorney Foster:   I have an idea, what his answer will be, but I do not fully know.

11:23:00:

Judge:  Let us take a quick break. Conclude and then we will have redirect and re-cross.

11:31:33:

Def. counsel Carlos Wood:  While we were on break you reviewed some material and had your recollection refreshed correct?

Det. May:     Yes sir.

Def. counsel Carlos Wood:   Do you now recall asking questions during your investigation about whether or not Mr. Nagdy had any sort of flight certification?

Det. May:     Yes

11:31:30:

Def. counsel Carlos Wood:   You recall during your investigation asking any questions about whether or not Mr. Nagdy had any involvement in websites in terms of terrorism?

Det. May:    During our follow up investigation the following day I did ask some questions to that nature, yes.

Def. counsel Carlos Wood:   Thank you. I do not having anything further.

11:31:54:

Judge: Any redirect?

Commonwealth Attorney Foster:    Detective, you were asking about some questions that come up during the course of your investigation relating to flight certification, storage locker, terrorism websites, why did you ask those questions?

11:33:28:

Det. May:    My partner had received information after Mr. Nagdy's arrest from storage AHHH, a storage facility manager AHHM, and he state that. . .

11:34:44:

Def. counsel Carlos Wood:   Objection your honor.

Judge:      What is your objection?

Def. counsel Carlos Wood:   He cannot talk about what the storage manager told.

Judge:      Counsel, you invited every bit of this and for the life of me I have no idea why.

Def. counsel Carlos Wood:   They cannot do it through hearsay.

Judge: He can explain the nature of the conversation without. . .

11:34:05

Commonwealth Attorney Foster:   AHHM

Judge:      It is not even been offered for the truth of the matter asserted, it is just to put in context whatever you are doing, so the truth of what the storage manager said is not an issue in this case, neither is terrorism by the way, I am not sure what is going on so I am going to let him explain, but keep it brief whatever the fact is, it is not relevant to anything we will ask this jury to decide. Alright let us keep going.

Commonwealth Attorney Foster:   Ok.

11:34:31-36:  (Note the Judge's to the prosecutor using his right index finger)

Judge:      Re ask the question.

Commonwealth Attorney Foster:   Oh ok.

Commonwealth Attorney Foster:   You were asked about AHHM some question that came up.

Det. May:    Correct.

Commonwealth Attorney Foster:   Why those questions came up?

11:35:35:

Det. May:    During the course of our investigation we reviewed information that Mr. Nagdy had as storage locker in Oldham County, that storage locker had been cleaned out and the material in it had been placed into a dumpster, the manager found that material, was concerned about saws the news story about this incident on the 19th called the St. Matthew's Police Department and told is about the box. Det. Hagman went and recovered the box, looked at its contents and we had some significant concerns that those types of questions needed to be asked and ultimately that information was passed along other agencies.

11:36:00

Judge: Alright anything else.

Commonwealth Attorney Foster:    No sir.

At VR 06/21/2018 1:01:50:

  Nagdy's defense counsel asked the trial judge for a mistrial stating, "First of all I will address something that happened in Det. May's testimony, the Court recall about me asking to refresh Det. May's recollection with regard to some questions he was asking the witness during his investigation when that happened, it eventually led to a statement by Det. May about having received a phone call from a storage facility manager or something of that nature and a box was located out of what reported to be Mr. Nagdy's storage locker dumped and the police recovered it and had significant concern about it. First of all that information is not in discovered anywhere. The Court instruction or response to counsel at the bench was that "the defense basically opened the door by asking these questions." Had that information been contained in discovery, the defense would not have asked these questions. It was not in discovery. I think at this point because of the nature of the information it does indicate that that there is reason to suspect Mr. Nagdy in terrorism activity and so I would ask for a mistrial at this time." The trial Judge responded "You invited a possible implication there had been some sort of nefarious conduct on behalf of law enforcement and it's proper for the Commonwealth to clear that up. So I would reject that on that issue… and I know of no rule or a statute that reassures law enforcement to tell a prosecutor about unrelated matters that are not at issue with this case."

VR 1:06:24

Def. counsel Carlos Wood:    Well it was made known to the Commonwealth it is in the recording, Commonwealth was aware of it and they are provided the recording in discovery they were aware that the avenue of investigation had been pursued.

VR 1:06:40:

Commonwealth Attorney Foster:    Well he has. . .

VR 1:06:41

Judge: (Signals with his right index finger to the prosecutor to let him speak on her behalf.)

Judge: "I completely disagree and again if I could logically follow what it is you are trying to do or even guess, I might agree with you. There was all kinds of stuff done by law enforcement that was turned over to you that is not the issue, it is where you took it with the implication of those put together. So I see no wrong doing on behalf of any of the Commonwealth or the Commonwealth themselves and would respectfully deny the motion.

## CONCLUSION

The Movant was never questioned by any federal agencies in reference to Det. May's false allegations. WHEREFORE, the movant respectfully requests this Court to enter an order for the Respondents to release the requested records.

Respectfully Submitted,

*/s/ Salem Nagdy*

Mr. Salem Nagdy #301238
L.S.C.C.
505 Prison Connector Rd.
Sandy Hook, Kentucky 41171

## NOTICE

Notice is hereby given that the following "Motion to Release Records Pursuant to (FOIA), 5 U.S.C.S. § 552" was mailed first class postage prepaid to: Mr. James J. Vilt Jr., Clerk of the Western District of Kentucky, United States District Court, whose address is: Gene Snyder U.S. Courthouse, Western District of Kentucky, 601 West Broadway Rm. 106, located in Louisville, Kentucky 40202, and done so on this 24th day of June, 2022, to be filed at the Court's earliest convenience. A copy stamped "FILED" is requested to be sent to the Plaintiff upon filing of this motion.

_____
Mr. Salem Nagdy, pro-se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was mailed first class postage prepaid to: 1.) Mr. James Brown Jr., Special Agent in Charge, Federal Bureau of Investigation, whose address is: 12401 Sycamore Station Place which is located in Louisville, Kentucky 40299; 2.) Mr. David M. Hardy, or current section chief, Record/Information, Federal Bureau of Investigation, Washington D.C. 20535; 3.) St. Matthews Police Department, c/o Chief of Police, 3940 Grandview Avenue, St. Matthews, KY 40207; and done so on this 24th day of June, 2022.

_____
Mr. Salem Nagdy, pro-se

## NOTARY

Subscribed to and sworn before me by Mr. Salem Nagdy and done so on this 24th day of June, 2022.

My commission expires: 3 / 24 / 26

_____
NOTARY PUBLIC  KYNP47719
STATE AT LARGE, KENTUCKY

Salem Nagdy # 301238
Little Sandy Correctional Complex
505 prison Connector
Sandy Hook, Ky. 41171

1.76



Charleston P&DC 253
WED 29 JUN 2022 PM

Mr. James J. Vilt Jr. Clerk
United States District Court
Gene Snyder U.S Courthouse
601 West broadway Rm. 106.
Louisville, Ky. 40202

**RECEIVED**
JAMES J. VILT, JR. - CLERK
JUL -1 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**FILED**
JAMES J. VILT, JR. - CLERK
JUL 0 1 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

