UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-0345-CRS

SALEM NAGDY                                                                   PLAINTIFF

v.

UNITED STATES DEPARTMENT OF JUSTICE                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 18). Plaintiff has filed a Response to the Motion (DN 23) and Defendant has filed a Reply (DN 24). Plaintiff has also moved for leave to file a sur-reply to Defendant's Reply (DN 28). The United States has responded to that motion as well (DN 29). Additionally, Plaintiff has moved for the recusal of the undersigned judge (DN 26). The United States has responded to that motion (DN 27). For the reasons set forth below, the Court will dismiss this action, deny Plaintiff's motion for leave to file a sur-reply and deny Plaintiff's Motion to Recuse.

## BACKGROUND

Plaintiff, Salem Nagdy, brought this *pro se* action by filing a "Motion to Release Records Pursuant to (FOIA), 5 U.S.C.S. § 552." (DN 01). Plaintiff sued James Brown, Jr., Federal Bureau of Investigation ("FBI") Special Agent in Charge of the Louisville, Kentucky Field Office. *Id.* Plaintiff asked the Court to direct Mr. Brown to release records which Plaintiff requested under the Freedom of Information Act ("FOIA"). *Id.* Because Plaintiff sought redress from an employee of a governmental entity, the court reviewed his Complaint under 28 U.S.C. § 1915A. As a result of that the review, the court dismissed Plaintiff's case against Mr. Brown, explaining that he could not be sued under the FOIA because only federal agencies may be defendants in FOIA litigation.

12/16/2022 Memorandum Opinion, DN 08 at PageID# 29. At the same time, the court permitted Plaintiff to amend his Complaint within thirty (30) days to "state his FOIA claims against the proper Defendant." *Id.* at PageID# 31. At the time he filed his Complaint, Plaintiff was incarcerated at the Little Sandy Correctional Complex following a state-court criminal conviction.[1]

**I. The FOIA Claim**

Plaintiff believes that his state-court criminal trial was a sham due to the allegedly false testimony of a Saint Matthews police officer: "During Mr. Nagdy's now known to be sham jury trial on 6-21-2018 Mr[.] Nagdy was falsely accused of being involved in terrorist activities by one of St. Matthew's Kentucky's police officers . . . ." . Amended Complaint, DN 09 at ¶ 4, PageID# 34. Also, according to Plaintiff, both the "prosecutor and trial judge had direct knowledge of [the officer's] perjury and both conspired and concealed impeachment evidence of the officer's perjured testimonies." *Id.* Plaintiff avers that he "was never questioned by any federal agencies in reference to officer May's false allegations, [Plaintiff] has NEVER been involved in any type of terrorism activities and the the [sic] FBI is well aware of that." *Id.* at Conclusion, PageID# 40. (emphasis in original).

In pursuit of proof for these contentions, on July 9, 2019, Plaintiff sent the FBI the following FOIA request:

> I am requesting you to provide me copies of any and all information/results from investigation maintained by your agency relating to me generally or as referred to you by any other agency and/or specifically any information/results from investigation relating to me from a referral from the Kentucky State Police, Louisville Kentucky Metro Police Dept., St. Matthews Kentucky Police Depts.. [sic]
>
> Thank you for your time and attention to this matter.

---

[1] On May 3, 2023, Plaintiff notified the Court that he had been transferred to the Eastern Kentucky Correctional Complex. *See* DN 10.

2

Exhibit 1 to Amended Complaint, DN 9-1 at PageID# 42. On July 24, 2019, the FBI sent Plaintiff a letter advising him that his request had been assigned a number but that his "letter did not contain sufficient information to conduct an accurate search of the Central Record System." Exhibit 1 to Amended Complaint, DN 9-1 at PageID# 43. The letter provided room for Plaintiff to provide his full name, Social Security Number, current address, birth date, birthplace and prior addresses. Plaintiff provided this information on July 29, 2019. *Id.*

On June 30, 2022, Plaintiff initiated this action. And, after the court's initial review and being granted the chance to amend his complaint, Plaintiff filed an Amended Complaint on January 10, 2023, naming the U.S. Department of Justice as Defendant. *See* DN 09 at PageID# 33. In his Amended Complaint, Plaintiff asks the court "to order the department of justice to release all records requested by him since July 2019 in FOIA request No. 144261-000." *Id.* As grounds for this demand, Plaintiff claims that despite being assigned a "government information specialist," he never received any records." *Id.* at ¶ 7, PageID# 34.

After Plaintiff filed his Amended Complaint, on July 6, 2023, the FBI responded to Plaintiff's FOIA request. Based on the fact of that response, the United States asserts that this case is moot and must be dismissed for lack of subject matter jurisdiction. Motion, DN 18 at PageID# 96 (citing FED. R. CIV. P. 12(b)(1)). In support of its Motion, the United States has attached its July 6, 2023 response to Plaintiff's FOIA request – DN 18-1 (Exh. A. to Def.'s Motion). That response advised Plaintiff that the FBI reviewed "76 pages" and was releasing "68 pages." *Id.* at PageID# 103. The letter also listed the exemptions based on which the FBI withheld the 8 pages and based on which the FBI redacted the documents it produced. *Id.* at PageID# 103, 106. The cover letter also put Plaintiff on notice of his administrative appeal rights. Specifically, the FBI advised Plaintiff as follows:

3

> If you are not satisfied with the Federal Bureau of Investigation's determination in response to your request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530 or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.

*Id.* at PageID# 104. Plaintiff did not appeal. Thus, the United States argues, Plaintiff did not exhaust his administrative remedies – a failure that also requires dismissal. Motion, DN 18 at 3-4.

In his Response, Plaintiff acknowledges that the fact that the FBI responded to his FOIA request. Response, DN 23 at ¶ 5. However, Plaintiff maintains that the FBI is withholding records. Plaintiff contends that because the produced records include "old records that date back to the time period of 2005-2006, the government is still withholding records from the Plaintiff and doing so in bad faith." *Id.* Plaintiff did not provide proof to support this contention. Nor does Plaintiff contend that he filed an administrative appeal. Instead, in his Response, Plaintiff digresses from his FOIA claim, focuses on his sham-trial contentions, and seeks an evidentiary hearing to explore his allegation as well as a transfer into federal custody. *Id.* at ¶ 10.

## II. The Motion for Leave to File a Sur-Reply

The United States' Motion to Dismiss was fully briefed on October 10, 2023 when it filed its Reply (DN 24). LR 7.1(g). As grounds for his Motion, Plaintiff asserts that the United States raised new issues in its Reply:

> On page 2 id #201, Mr. Ekman raised a new argument to his motion stating: "the majority of Plaintiff's response brief appear to be premised upon his allegation that his State court criminal action was the result of some malfeasance --------------Nagdy has not alleged any jurisdition [sic] that would permit this Court to second guess the state court appellate system".

Motion, DN 28 at ¶ 4, PageID# 209. In its Response, the United States contends that the purportedly "new" argument in its Reply "has no consequence as to this Court's determination

with regard to Defendant's motion to dismiss, the motion for sur-reply should be denied. Response, DN 29 at PageID# 215-16.

### III. The Motion to Recuse

As for grounds for the recusal of the undersigned, Plaintiff says no more than this:

> Judge Charles R. Simpson III would not offer a fair and impartial adjudicaition[sic] on the merits of Plaintiff's claims in this civil action against:
>
> 1] The United States Department of Justice;
> 2] Unknown federal agent(s) acting unofficially by deception [sic] on behalf of the federal government;
> 3] The Jefferson Circuit Court Judge Mitch Perry;
> 4] The St. Matthews Police Department [SMPD]; and,
> 5] Several members of the Kentucky Bar Association.

Motion to Recuse, DN 26 at PageID# 203. The court notes that of Plaintiff's list only the United States Department of Justice is before this court as a party defendant.

The United States opposes the Motion to Recuse because Plaintiff has failed to carry his burden of proof:

> As stated in 28 U.S.C. § 144, the facts and reasons for Plaintiff's belief that a bias or prejudice exists is a requirement recusal. . . . Because Defendant has no information that would suggest that recusal may be appropriate and Plaintiff failed to present any reasoning in his motion, it opposes the current motion.

Response, DN 27 at PageID# 207.

## ANALYSIS

### I. Rule 12(b)(1) Motion to Dismiss

Under Rule 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir.

2004). A facial challenge "questions merely the sufficiency of the pleadings." *Wayside Church v. Vanburen Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017), *abrogated on other grounds by Knick v. Township of Scott*, 139 S.Ct. 2162, 2167-68 (2019)).

"A factual attack, on the other hand, raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Id.* (quoting *Genetek Bldg. Prods., Inc. v. Sherwin-Wms. Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). No presumption of truthfulness attaches to the allegations in such attacks. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* at 759-60. Ultimately, the plaintiff, as the non-moving party, "has the burden of proving subject matter jurisdiction." *Id.* at 760.

Here, the United States has attacked the factual basis for Plaintiff's FOIA claim by asserting and submitting evidence that the FBI did, in fact, respond to Plaintiff's FOIA request. The United States also asserts that if Plaintiff is attacking the adequacy of the FOIA response, he did not pursue an administrative appeal – a necessary prerequisite to bringing suit based on such a challenge. Plaintiff has not rebutted the United States' assertions or controverted its evidence with any proof. Instead, Plaintiff has acknowledged his receipt of the FOIA response and has otherwise done nothing more than assert his suspicion that the FOIA response is incomplete.

A. Findings of Fact

In the absence of any contradictory evidence, the undersigned accepts the United States' relation of events subsequent to Plaintiff's FOIA request and makes the following findings of fact:

1. Plaintiff submitted a FOIA request to the FBI on July 9, 2019. *See* DN 9-1.

2. The FBI fully responded to that request on July 6, 2023. *See* DN 18-1.

3. The FBI redacted the produced documents and withheld 8 pages based on enumerated exemptions. *Id.*

4. Plaintiff received the FBI's response. *See* Response, DN 23 at ¶5, PageID# 185.

5. Plaintiff did not file an administrative appeal.

6. Plaintiff has not submitted any evidence which shows that the FBI is withholding documents.

**B. Conclusions of Law**

Pursuant to the FOIA, this court has the power to enjoin the relevant "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). However, once an agency turns over everything in its possession related to the FOIA request, any controversy over the failure to respond becomes moot. *GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998); *accord Roman v. U.S. Dept. of State,* 1:15-CV-887, 2017 WL 1380039, at *1 (W.D. Mich. Mar. 27, 2017), *report and recommendation adopted*, 1:15-CV-887, 2017 WL 1366504 (W.D. Mich. Apr. 14, 2017) (finding case moot after agency produced responsive records while withholding or redacting certain records); *Texas Roadhouse, Inc. v. E.E.O.C.*, 3:14CV-00652-JHM, 2015 WL 925894, at *3 (W.D. Ky. Mar. 3, 2015); *Hohman v. Internal Revenue Serv.*, 16-CV-13282, 2017 WL 6884334, at *4 (E.D. Mich. Dec. 18, 2017), *report and recommendation adopted sub nom. Hohman v. Internal Revenue Serv.*, 16-13282, 2018 WL 339882 (E.D. Mich. Jan. 8, 2018); *Miller v. Federal Elections Com'n*, 1:12-CV-242, 2013 WL 4243044, at *4 (S.D. Ohio Aug. 15, 2013) ("claim is moot to the extent that the FEC has produced documents responsive to Request"); *Klinger v. Corrections Corp.*

*of Amer., Inc.*, 4:11CV2299, 2012 WL 12897339, at *10 (N.D. Ohio Dec. 13, 2012), *report and recommendation adopted,* 4:11CV2299, 2013 WL 143535 (N.D. Ohio Jan. 11, 2013) ("action to compel the production of documents under FOIA is mooted when the agency in control of the requested documents delivers them to the plaintiff").

Moreover, because the United States has provided evidence of the FBI's full response to Plaintiff's FOIA request, Plaintiff "carries the burden of providing by a preponderance of the evidence" that the case is not moot such that the court retains subject matter jurisdiction. *Klinger,* 2012 WL 12897339, at *10 (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

Here, Plaintiff did not offer any evidence to support his claim that the FBI is withholding documents. Aside from his FOIA Request, his Response to the agency's request for additional information, and a printout reflecting his having checked the status of his FOIA request, Plaintiff's remaining exhibits all relate to his allegations that his state-court criminal trial was a sham. Plaintiff attached the following to his Amended Complaint:

> (1) an undated letter to "Special Agent in Charge" of the Louisville, Kentucky FBI field office asking the agent to verify Plaintiff's sham-trial allegations, advising that Plaintiff had filed post-conviction motions in state court, and inquiring as to whether the FBI interrogated him while he was hospitalized or seized certain personal property, DN 9-1 at PageID# 44;
>
> (2) what appears to be excerpts from a Kentucky appellate court opinion, *id.* at PageID# 45;
>
> (3) an Affidavit he swore out in support of a state-court writ of habeas corpus, *id.* at PageID# 47-50;
>
> (4) a letter dated 9/21/2022 and addressed to the U.S. Attorney in Louisville, Kentucky as well as the Attorney General of Kentucky, asserting sham-trial allegations, *id.* at 51-54;
>
> (5) a letter from the state-court trial judge to Plaintiff explaining that the trial court no longer had jurisdiction over his case; and
>
> (6) a state-court verified criminal complaint. *Id.* at PageID# 56-58.

With his Response to the Motion to Dismiss, Plaintiff attached three exhibits:

> (1) a July 5, 2018 letter from the Mayor of St. Matthews to the detective who testified at Plaintiff's state-court trial, DN 23-1 at PageID# 190;
>
> (2) a response brief filed in the state-court case, *id.* at PageID# 191-198; and
>
> (3) a CD "containing video and audio evidence of sham court proceedings." Response, DN 23 at ¶ 7, PageID# 186.

None of these exhibits demonstrate that the FBI is withholding documents which are non-exempt and responsive to Plaintiff's FOIA request. Thus, Plaintiff has not shown by a preponderance of evidence that a justiciable case exists here.

There is nothing in the record of this case which demonstrates that the FBI failed to respond fully to Plaintiff's July 2019 FOIA request. Therefore, this case is moot and must be dismissed:

> Article III of the United States Constitution empowers the federal courts to hear only "cases or controversies," U.S. Const. art. III, § 2, cl. 1, a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there. If events occur during the case, including during the appeal, that make it "impossible for the court to grant any effectual relief whatever to a prevailing party," the appeal must be dismissed as moot.

*Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). Because the court finds that Plaintiff's FOIA claim is moot, the court declines to address the issue as to whether Plaintiff has failed to exhaust his administrative remedies. Finally, to the extent Plaintiff seeks an evidentiary hearing on his sham trial allegations and a transfer to a federal facility, there is no claim before this court as to those matters and the court declines to consider them for that reason.

## II.  Motion for Leave to File a Sur-Reply

Plaintiff's Motion for Leave to File a Sur-reply is not well-taken. Plaintiff argues he should be allowed a sur-reply brief because the United States raised a new argument in its Reply. The court disagrees. Plaintiff's complaint concerns a FOIA claim based on the FBI's alleged withholding of documents. As described above, it is Plaintiff who interjected new issues in his

Response to the United States' Motion to Dismiss. Those issues were his sham-trial contentions and his effort to obtain relief against persons who are not before the court in this action. The United States simply addressed those contentions in its Reply, which is entirely appropriate. "Courts in this circuit have held that 'the proper purpose of a reply brief [is] to address the opposing party's arguments raised in a response brief.'" *Gaskins v. Swope Ventures, Inc.*, 645 F. Supp. 3d 682, 686 (W.D. Ky. 2022) (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the U.S.A., Inc.*, 875 F. Supp.2d 791, 797-98 (W.D. Tenn. 2012)). It is true that the United States pointed out that the court has no jurisdiction over Plaintiff's sham-trial allegations and unnamed parties. But this is not new argument. Instead, it is a counterpoint made in response to Plaintiff's brief. Doing so was entirely consistent with the proper purpose of a reply brief. *Id.* The United States stayed entirely within the scope of the original briefing and a sur-reply is not warranted as a result. *Modesty v. Shockley*, 443 Fed. App'x 469 (6th Cir. 2011).

**III. Motion to Recuse**

As noted above, Plaintiff has filed a motion for recusal of the undersigned judge (DN 26). The affidavit in support of a motion to recuse must "state the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Plaintiff cited § 144 in the title of his Motion, *see* DN 26 at PageID# 203, but nonetheless failed to comply with its requisites in his supporting affidavit. Thus, he has failed to carry his burden of proof which warrants denying his Motion to Recuse.

Furthermore, while courts provide some leniency to *pro se* litigants, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Here, the record shows Plaintiff was aware of the applicable statute. The statute is written in plain language and is readily understood by a lay person. Yet, Plaintiff did nothing to comply

with its requisites. That is, Plaintiff "failed to adhere to readily comprehended" requirements. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Thus, there is no reason to accord him special consideration here. *Id.* Additionally, because Plaintiff had a full and fair opportunity to present a properly supported motion to recuse, there is no just reason to await a reply brief. Beyond that, "[i]t is well established that a reply brief is not the proper place to raise new arguments." *Cyber Solutions Int'l, LLC v. Priva Sec. Corp.*, 2015 WL 5793248, at *2 (W.D. Mich. Oct. 1, 2015) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)). Accordingly, the Court finds that Plaintiff's Motion to Recuse is properly denied at this juncture.

The Court will enter a separate order dismissing this action and denying Plaintiff's Motion to Recuse.

At the same time, Plaintiff nevertheless remains obligated to the pay the filing fee in full. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("We conclude that by *filing* the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court.") (emphasis added), *overruled on other grounds by Jones v. Bock*, 594 .S. 199 (2007). Accordingly, the court's prior **Order (DN 11) directing the Eastern Kentucky Correctional Complex** to send to the Clerk of Court monthly payments from Plaintiff's trust account each time the amount in the account exceeds $10.00 until the statutory filing fee of $350.00 is paid in full **remains in full effect**. **IT IS SO ORDERED**.

December 7, 2023

                                      Charles R. Simpson III, Senior Judge
                                      United States District Court

cc: Plaintiff, *pro se*
    Counsel of Record